UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

DRAYON WREN,

                Defendant.

Case No. 15-CR-7-JPS

**ORDER**

### 1. INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited June 6, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at*

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited June 6, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In February 2024, Defendant Drayon Wren ("Defendant") moved for a sentence reduction under Amendment 821. ECF No. 70. Defendant specifically moves under the Status Point Amendment. *Id.* at 3–4. Defendant also argues that he is eligible for relief under amendments to Guidelines §§ 2G1.3(b)(3)(B), 3B1.1, and 3D1.4. *Id.* at 4–5.

## 2. LAW AND ANALYSIS

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is U.S.S.G. § 1B1.10. That provision states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's

---

[1]Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

Page 2 of 5
Case 2:15-cr-00007-JPS   Filed 06/06/24   Page 2 of 5   Document 71

applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to exceptions not applicable here. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Status Point Amendment. ECF No. 54 at 20. Nevertheless, the Court will not reduce Defendant's sentence under Amendment 821. Because Defendant received eight criminal history points, the Status Point Amendment only removes one status point, resulting in a total of seven criminal history points. *Id.* Thus, Defendant's criminal history category remains IV, *id.*, and his Guidelines range would not change. Defendant's total term of imprisonment of 216 months falls below the Guidelines range of 360 months to life. ECF No. 58 at 1–2; *see also* U.S.S.G. § 1B1.10 app. note 3 (noting that "[i]f the term of imprisonment [originally] imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies").

After consulting with the United States Probation Office, the Court has confirmed that Defendant's citations to Guidelines §§ 2G1.3(b)(3)(B), 3B1.1, and 3D1.4 do not change the calculus. First, contrary to Defendant's assertions, ECF No. 70 at 4, his enhancements for use of a computer applied to Counts Two through Four, which charged violations of 18 U.S.C. §§ 1591 and 2, not violations of 18 U.S.C. § 2421A, ECF Nos. 54 at 11, 12, 13, ECF No. 59 at 1. Thus, amendments to § 2G1.3(b)(3)(B) do not apply to Defendant. *Amendments to the Sentencing Guidelines*, U.S. SENT'G COMM'N,

Page 3 of 5
Case 2:15-cr-00007-JPS   Filed 06/06/24   Page 3 of 5   Document 71

17–18, *available* *at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf [https://perma.cc/8SS5-SMF8] (last visited June 6, 2024).

Next, Defendant received a role adjustment under § 3B1.1(c), and no count of conviction carried a statutory mandatory minimum sentence. ECF No. 54 at 13; ECF No. 60 at 1. The amendment as to which Defendant cites § 3B1.1 pertains to § 5C1.2, which addresses the limitation on applicability of statutory mandatory minimum sentences in certain cases. *Compare* ECF No. 70 at 4 ("A 2-level enhancement for 'Supervisor of Another' under USSG 3B1.1 . . . . The first prong of subsection (a)(4) requires that the defendant was not subject to an adjustment for an aggravating role under USSG 3B1.1"), *with Amendments to the Sentencing Guidelines*, U.S. SENT'G COMM'N, 25–27 (discussing amendment to § 5C1.2: "'Organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines,' as used in subsection (a)(4), means a defendant who receives an adjustment for an aggravating role under § 3B1.1"). It is thus inapplicable to Defendant.

Finally, while Defendant is correct that amendments to § 3D1.4 exclude §§ 2G1.1 and 2G1.3 from grouping Guidelines, that means that each offense is assigned one unit, which results—in Defendant's case—in a four-level increase to Defendant's offense level. *Amendments to the Sentencing Guidelines*, U.S. SENT'G COMM'N, 60. That is what Defendant received. ECF No. 54 at 14. Accordingly, the Court is constrained to deny Defendant's motion for a sentence reduction under Amendment 821, ECF No. 70, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

Accordingly,

**IT IS ORDERED** that Defendant Drayon Wren's motion to reduce his sentence under Amendment 821, ECF No. 70, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge